IN THE UNITED STATES DISTRICT  COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE A. SMITH, | : | |
| Petitioner, | : | 1:16-cv-0362 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| JAMES T. TICE, *et al.*, | : | |
| Respondents. | : | |

## **<u>MEMORANDUM</u>**

### **September 16, 2016**

Presently before the Court is a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254 filed by Petitioner Wayne A. Smith ("Smith"). Smith originally

filed his petition in the United District Court for the Eastern District of

Pennsylvania on January 21, 2016.  (Doc. 1).  The matter was transferred to this

Court on March 1, 2016.

Respondents seek dismissal of the petition as untimely.  (Doc. 18-1, p. 8).

For the reasons set forth below, the petition will be dismissed as untimely.

## I.   <u>Background</u>

On July 19, 2010, following a jury trial in the Court of Common Pleas of

Pike County, Pennsylvania, Smith was found guilty of three counts of Delivery of

a Controlled or Counterfeit Substance in violation of 35 P.S. § 78-113(a)(30), three

counts of Criminal Use of a Communication Facility in violation of 18 PA.C.S.A. §

7512(a) and one count of Criminal Conspiracy in violation of 18 PA.C.S.A. §

903(a)(1).  (Doc. 1, p. 1; Doc. 18-3, p. 1; *see also* electronic docket, Pike County

Criminal Docket Number: CP-52-CR-0000467-2008, found at

https://ujsportal.pacourts.us/).  On September 9, 2010, he was sentenced to an

aggregate term of ten to twenty years' incarceration.  (Doc. 1, p. 1; Doc. 18-9, p.

1).  The Superior Court of Pennsylvania traced the procedural history of the case as

follows:

> This Court affirmed Appellant's judgment of sentence on August 15,
> 2011.  *See Commonwealth v. Smith*, 32 A.3d 833 (Pa. Super. 2011).
> Appellant sought no further review.  [On or about January 9, 2012,]
> Appellant filed and[, thereafter,] litigated his first PCRA petition
> without success.  This Court affirmed that decision on July 2, 2013.
> *See Commonwealth v. Smith*, 82 A.3d 1055 (Pa. Super. 2013).
> Appellant *pro se* filed his second, current PCRA petition on
> September 18, 2013, and a supplemental petition on September 20,
> 2013.  The court appointed counsel.  On September 24, 2014,
> appointed counsel filed a motion to withdraw and a *Turner/Finley* "no
> merit" letter.  That same day, the court issued a Pa.R.Crim.P. 907
> notice, and Appellant responded on October 8, 2014.  The court
> allowed appointed counsel to withdraw and dismissed Appellant's

> petition on May 11, 2015. On June 2, 2015, Appellant timely filed a *pro se* notice of appeal.

(Doc. 18-9, pp. 1-2). The Superior Court affirmed the PCRA court's dismissal of the second petition as time-barred. (*Id.* at 3). The court noted that the filing of a PCRA carries with it the jurisdictional requisite that the petition be filed within one year of the date the underlying judgment becomes final and that a judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. (*Id.*at 2, *citing* 42 PA.C.S.A.§§ 9545(b)(1) & (3)). The court also recognized the three statutory exceptions to the timeliness provisions that are available only in "very limited circumstances to excuse the late filing of a petition." (*Id. citing* 42 PA.C.S.A. § 9545(b)(1)(i)-(iii)). The court then concluded as follows: "Instantly, Appellant's judgment of sentence became final on September 14, 2011, upon expiration of the time to file an appeal to the Pennsylvania Supreme Court. *See* PA.R.A.P. 903(a). Appellant filed the current PCRA petition on September 18, 2013, over two years after his judgment of sentence became final, which is patently untimely. *See* 42 PA.C.S.A. § 9545(b)(1)." (Doc. 18-9, p. 3). The court considered Smith's attempt to invoke the "new facts" and "new constitutional right" exceptions to the timeliness requirement and concluded that neither exception applied. (*Id.*) The Superior Court affirmed the PCRA court's order of dismissal on January 6, 2016. (*Id.*).

3

During the pendency of the second PCRA, on or about April 13, 2015, Smith filed a third PCRA.  (Doc. 18-1, p. 7; *see also* electronic docket, Pike County Criminal Docket Number: CP-52-CR-0000467-2008).  The PCRA court denied relief on March 8, 2016.  (*Id.*)   Smith has taken no further action in state court.  (*See* electronic docket, Pike County Criminal Docket Number: CP-52-CR-0000467-2008).

As noted *supra*, Smith filed the instant petition on January 21, 2016.

## II.   <u>Discussion</u>

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See* 28 U.S.C. § 2244(d) (1).  Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Smith was sentenced on September 9, 2010. Under the plain terms of 28 U.S.C. § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara*, 264 F.3d at 314. His time for pursuing a direct appeal expired on September 14, 2011, at which time his judgment became final. The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed in federal court on January 21, 2016, is patently untimely and will be dismissed, unless the limitations period can be statutorily or equitably tolled. Each doctrine will be discussed in turn.

### A.    Statutory Tolling

Section 2244(d)(2) tolls the one year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  The statute of limitations began running on September 14, 2011 and expired on September 14, 2012.  On January 9, 2012, after the passage of approximately 117 days, Smith filed his first PCRA petition, which operated to toll the statute of limitations. On July 3, 2013, the Superior Court denied Smith's appeal of the PCRA court's denial of his petition.  The statute of limitations commenced running as of that date and expired 248 days later or on or about March 7, 2014.  The instant petition filed on January 21, 2016, is therefore untimely.

Notably, although Smith filed a second PCRA petition on September 18, 2013, it did not operate to toll the statute because it was deemed untimely filed by the state courts.  An untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. *See Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005) (holding that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2).").  *See also Merritt v. Blaine*, 326 F.3d 157, 167–68 (3d Cir.

2003).  Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

### B.    Equitable Tolling

A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations.  *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception); *Johnson v. Hendricks*, 314 F.3d 159, 162 (3d Cir. 2002).  While equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored.  "Courts must be sparing in their use of equitable tolling" and permit it only where "principles of equity would make rigid application of a limitation period unfair."  *Sistrunk v. Rozum*, 674 F.3d 181, 189 (3d Cir. 2012).  Generally, a litigant seeking equitable tolling must establish the following two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way."  *Pace*, 544 U.S. at 418.  Smith bears the burden of demonstrating his entitlement to equitable tolling.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Cooper v. Price*, 82 F. App'x. 258, 260 (3d Cir. 2003).

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the

claims.  *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002).  Mere

excusable neglect is not sufficient.  *See LaCava*, 398 F.3d at 276.  "[T]he party

seeking equitable tolling must have acted with reasonable diligence throughout the

period he seeks to toll."  *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000)

(quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has

actively misled the petitioner, (2) the petitioner has in some extraordinary way

been prevented from asserting his rights, (3) the petitioner has timely asserted his

rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court

has misled a party regarding the steps that the party needs to take to preserve a

claim.  *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005); *See Merritt*, 326

F.3d at 161.

Smith seeks to excuse the untimeliness of his petition based on "the

Pennsylvania Rules of Court under 42 Pa. C.S.A. § 3304, Prohibition of Hybrid

Representation." (Doc. 19, p. 1).  He appears to be relying on Pennsylvania Rule of

Appellate Procedure § 3304, which states "[w]here a litigant is represented by an

attorney before the Court and the litigant submits for filing a petition, motion, brief

or any other type of pleading in the matter, it shall not be docketed but forwarded

to counsel of record."  He cites to the *Spotz* case which recognized that

"Pennsylvania has a policy against "hybrid" representation, that is, [the Court] typically [does] not consider the merits of *pro se* briefs or motions filed by counseled defendants.  *See Commonwealth v. Reid*, 537 Pa. 167, 642 A.2d 453, 462 (1994); *Commonwealth v. Ellis*, 534 Pa. 176, 626 A.2d 1137, 1140 (1993)." *Com. v. Spotz*, 627 Pa. 257, 337, 99 A.3d 866, 914 (2014), reargument denied (Sept. 3, 2014).

Smith contends that his PCRA counsel failed to raise all the pertinent issues during collateral proceedings and that his attempts to do so, independent of counsel, were thwarted by the state courts' hybrid representation rule.  (Doc. 19, pp. 2-3).  He alleges that that PCRA counsel failed to conduct research, and, despite numerous letters, did not communicate with him after he filed his PCRA appeal.  (*Id*. at 2).  Additionally, he seems to be arguing that the untimeliness of his second PCRA, which renders it not" properly filed" for tolling purposes, is attributable to the state's prohibition against hybrid representation.  (*Id.* at 3).

Smith provides absolutely no evidence that he was, in some extraordinary way, prevented from asserting his rights.  There is nothing extraordinary about Pennsylvania's prohibition against hybrid representation.  *Pro se* litigants have no right to "hybrid representation" because "[a] defendant does not have a constitutional right to choreograph special appearances by counsel."  *McKaskle v.*

9

*Wiggins*, 465 U.S. 168, 183 (1984). "Once a *pro se* defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously ... request[s] that ... counsel be silenced." *Id.* Smith states, in conclusory fashion, that PCRA counsel despite "numerous letter [sic] telling him to file a further appeal," did not file a further appeal. (Doc. 19, p. 2). There is not a single docket entry in the state court PCRA trial court or appellate proceedings indicating that Smith was dissatisfied with counsel; not a letter, not a motion. Conversely, the PCRA docket indicates that it was counsel moved to withdraw from the case.

Even if Smith successfully established that the hybrid representation rule impacted the pursuit of his first PCRA, or the timeliness of his second PCRA, it had no bearing on his failure to timely file his federal petition. After final disposition of his first PCRA petition, and following the permitted withdrawal of PCRA counsel, Smith had more than 200 days to timely pursue his federal petition. During that time, he could have filed a timely "protective" federal habeas application in this court, along with a motion to stay the proceeding, while awaiting the PCRA court's disposition of his second PCRA. He failed to do so.

Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## III.   <u>Conclusion</u>

For the reasons set forth above, the petition for writ of habeas corpus will be denied as untimely.

## IV.   <u>Certificate of appealability</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, jurists of

reason would not find the procedural disposition of this case debatable.

Accordingly, no COA will issue.

An appropriate order will issue.